NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MARY ELLEN BERRYMAN, | : | Civil No. 06-5679 (PGS) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| WHEATON VAN LINES, INC., DAVI & | : |  |
| VALENTI MOVERS, INC. and ABC | : |  |
| CORPS, 1-10 (fictional business entities), | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

Plaintiff Mary Ellen Berryman, a New Jersey resident, brought this action for breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and violation of the New Jersey Consumer Fraud Act, after some of her personal belongings were damaged or destroyed in a move from Florida to New Jersey. Defendants, Wheaton Van Lines, Inc. ("Wheaton") and Davi & Valenti Movers, Inc. ("DVM") (collectively referred to as "defendants"), incorporated in the States of Indiana and Florida, respectively, removed the matter based on diversity jurisdiction. Defendants have now moved to dismiss based on preemption of the Carmack Amendment, 49 U.S.C. § 14706.

I.

On or about December 16, 2004, plaintiff entered into an interstate contract of carriage to transport plaintiff's household goods and effects from Sarasota, Florida to Freehold, New Jersey. Plaintiff paid for services and an additional amount which plaintiff believed to be for insurance coverage. At some unspecified date, the items were placed in the exclusive control of at least one

of the defendants and stored at that defendant's warehouse.  It is claimed that at the time plaintiff's personalty was given to defendants and placed within defendants' sole control and custody, the items were undamaged.  On or about August 10, 2005, the plaintiff's items were removed from the storage facility for delivery to Freehold, New Jersey.  Plaintiff's personalty arrived in Freehold, New Jersey, on or about August 17, 2005, as set forth in the agreement.  However, according to plaintiff's Complaint, "many items arrived damaged and/or were destroyed."

Plaintiff filed a Complaint in the Superior Court of New Jersey, Essex County, alleging breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, and violation of the New Jersey Consumer Fraud Act. Defendants removed the matter to this Court based on diversity and now move to dismiss.

II.

Because plaintiff alleges a cause of action against an interstate carrier based on loss of a shipped good, this case is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. See, e.g., *Orlick v. J.D. Carton & Son, Inc.*, 144 F.Supp.2d 337, 345 (D.N.J.2001).  The Supreme Court holds that the Carmack Amendment normally preempts state law claims against a carrier's loss of a shipped good. *Adams Express Company v. Croninger*, 144 F.Supp.2d 337, 505-506, 33 S.Ct. 148, 57 L.Ed. 314 (1913) (stating that Congress enacted the Carmack Amendment to "take possession of the subject [of interstate carriers' liability for lost property] and to supersede all state regulation"); *Peyton v. Railway Express Agency*, 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942) (holding that the application of common law would open the floodgates of confusion that the Interstate Commerce Act was designed to prevent).  In accordance with the Supreme Court rulings, Circuit Courts have consistently found that the Carmack

2

Amendment preempts state law. E.g., *Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1115-1121 (10th Cir. 1989); *Intech, Inc. v. Consol. Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987); *Hopper Furs Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir.1984); *Air Prod. & Chem. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972).

The District Courts within the Third Circuit have reached the same conclusion.  In *Orlick*, 144 F.Supp.2d 337, a fairly recent case out of this district, the Court considered a similar set of facts. There, plaintiffs hired defendants to transport their belonging from New Jersey to Florida.  The plaintiffs in *Orlick* purchased an "Extra Protection Plan" from defendants.  When their property arrived damaged, plaintiffs sought damages based on a breach of contract, common law fraud, violation of the Consumer Fraud Act, slander of credit and punitive damages.  The Court concluded that "the Carmack Amendment completely preempts Plaintiffs' state law claims because Plaintiffs' complaint [] alleg[es] a cause of action against interstate carriers based on loss or damages to shipped goods..." *Id.* at 344-45.  Although that case concerned an appeal of a magistrate's report and recommendation on a motion to remand, the District Court's analysis of federal question jurisdiction is applicable.  The Court noted that "[p]laintiffs articulate precisely the type of cause of action envisioned by the Carmack Amendment." *Id.* at 345.

Several other district courts within New Jersey and throughout the Third Circuit are in agreement. See *Harrah v. Minnesota Mining and Manufacturing Co.*, 809 F.Supp. 313, 317 (D.N.J.1992)("common law actions against interstate carriers are preempted by the Interstate Commerce Act."); *Strike v. Atlas Van Lines, Inc.*, 102 F.Supp.2d 599 (M.D.Pa.2000) (the Carmack

Amendment preempted state law causes of action "whether contract based or tort based claims"); *Tirgan v. Roadway Package Systems, Inc.*, 1995 WL 21098 (D.N.J.1995); *Faust v. Clark and Reid Co., Inc.*, 1994 WL 675132 (E.D.Pa.1994).

With regard to the specific claims set forth in plaintiff's Complaint, case law clearly demonstrates that such claims are preempted. See *Usinor Steel Corp. v. Norfolk Southern Corp.*, 308 F.Supp.2d 510, 518 (D.N.J. 2004) ("Plaintiff's claims for breach of contract, negligence, breach of bailment and conversion are preempted and the Court will consider Plaintiff's plea for relief as one for 'actual losses' as provided under the Carmack Amendment, 49 U.S.C. 11706(a)."); *Tirgan v. Roadway Package Systems, Inc.*, 1995 WL 21098 (D.N.J.1995) (acknowledging that some district courts have allowed plaintiffs to pursue actions for a breach of the implied covenant of good faith and fair dealing under federal common law in an attempt to circumvent the insulation of common carriers from liability for bad faith handling of claims, the Court chose to follow the Second Circuit's reasoning in *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373 (2d Cir. 1994), which rejected such a claim to promote the purpose of the Carmack Amendment.); *Orlick*, 144 F.Supp.2d 337 (noting plaintiffs' claim under the New Jersey Consumer Fraud Act is preempted by the Carmack Amendment); *Moffit v. Bekins Van Lines Co.*,, 306 (5th Cir. 1993) (holding that the Carmack Amendment preempted all of the plaintiff's state law claims which included, among others, claims for negligent infliction of emotional distress, breach of contract, and negligence.).

Plaintiff's opposition focuses solely on the consumer fraud claim, arguing that the allegation is "independent from the loss or damage to goods," and co 6 F.3d 305 ncerns "separate and distinct conduct." See *Rini v. United Van Lines, Inc.*, 104 F.3d 502 (1st Cir. 1997). It is plaintiff's contention that she paid defendants an additional amount for insurance coverage and selected on the Bill of

Lading, "Option 1: Full (Replacement) Value Protection," indicating a shipment value of $50,000.00, and choosing no deductible.  The portion of the Bill of Lading plaintiff refers to is found on the lower lefthand portion of the document and contains the following clause:

**CUSTOMER'S DECLARATION of VALUE**

**THIS IS A TARIFF LEVEL OF CARRIER LIABILITY - IT IS NOT INSURANCE**

> You must select, in your own handwriting, one of the following two options for your shipment.  The option you select establishes your mover's maximum liability for your goods, subject to the rules contained in your mover's tariff.

> OPTION 1: Full (Replacement) Value Protection.  If any article is lost, destroyed or damaged while in your mover's custody, your mover will either (1) repair the article to the extent necessary to restore it to the same condition as when it was received by your mover, or pay you for the cost of such repairs; or if not repairable, (2) replace the article with an article of like kind and quality, or pay you for the cost of such a replacement.

(Emphasis in original).

Notwithstanding the clear language in the Bill of Lading indicating that this provision "establishes your mover's maximum liability for your goods" and that "IT IS NOT INSURANCE," plaintiff argues that defendants failed to procure insurance coverage for which plaintiff paid. Nevertheless, this issue has been decided by several courts, none of which permitted such a claim to coexist alongside the Carmack Amendment.  In *Orlick*, the Court stated that "the claims of fraud as to the bill of lading [and] any claim that may arise from Plaintiffs' extra protection plan...should be considered under the Carmack Amendment." *Orlick*, 144 F.Supp.2d at 345; see also *Cleveland v. Beltman North American Co., Inc.*, 30 F.3d 373 (2d Cir. 1994); *Pierre v. UPS, Inc.*, 774 F.Supp.

5

1149 (N.D. Ill. 1991).  Plaintiff has cited to no case holding otherwise.

In light of the overwhelming case law, it is clear that the claims set forth by plaintiff are preempted by the Carmack Amendment.

### III.

The relief requested in defendants' motion is not a dismissal with prejudice, but rather a dismissal without prejudice allowing plaintiff the opportunity to replead the Carmack Amendment.  Defendants, however, seek dismissal with prejudice as to DVM who acted solely as Wheaton's household goods booking and origin agent with respect to the interstate shipment of plaintiff's goods.   Defendants cite to several cases that stand for the proposition that where the agency relationship between a carrier and its agent is disclosed to the shipper, the agent has no direct or independent liability to the consignor and is not a party to the bill of laden contract.  *Valkenburg, K.-G. v. The Henry Denny*, 295 F.2d 330, 333 (7th Cir. 1961) (in signing the bill of lading as agent for the master of a named ship, the agent sufficiently disclosed the identity of the principal for whom it acted, and was therefore not liable); *Nichols v. Mayflower Transit, LLC*, 2003 WL 21981994, *5 (D.Nev. 2003).

The language relied upon by defendants stems from basic agency principles recognized in the Third Circuit.

> Generally, of course, an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract.  Moreover, under traditional agency principles, the only other way we understand that an agent can be bound by the terms of a contract is if she is made a party to the contract by her principal acting on her behalf with actual, implied, or apparent authority.

*Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 445 (3d 1999) (internal citations omitted).

Moreover, 49 U.S.C. § 13907 specifically provides that the carrier is the party responsible for the acts of the agent:

> Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

See also *Werner v. Lawrence Transp. Sys., Inc.*, 30 F.3d 373 , 568-69 (E.D.N.C.1998) ("Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract.").

Plaintiff's opposition offers nothing to rebut defendants' contentions.  The case law appears clear that dismissal of DVM is appropriate.

IV.

Plaintiff's Complaint is dismissed with prejudice as to DVM, but without prejudice as to Wheaton with leave to replead under the Carmack Amendment within 20 days.

 

 

    *s/Peter G. Sheridan*                  

May 2, 2007                              PETER G. SHERIDAN, U.S.D.J.